Today's call for oral argument is People v. O'Dell Today's call for oral argument is People v. O'Dell The circuit court in making its ruling, finding the defendant guilty, said this whole case hinges on one question. The officer that was talking to the defendant about a completely different case said the defendant admitted to possessing the Grand Am. Defendant denied it. There was no recording of the conversation, so it was the officer's word against my client's word. Normally, you would go with the police officer. However, in this case, the police officer had some big motives to testify or to accuse the defendant of this offense. He had been friends with Dawkins, the person who owned the car lot from which the Grand Am was taken. He'd been friends with him for over 18 years, and his wife had worked for him for like eight or nine years. So he knew that this man was really angry that somebody had taken a car from his car lot, perhaps unconsciously. Perhaps the police officer heard wrong, but the whole thing hinged on whether or not the defendant made that statement. Now, there were other things. Their license plates were found in the truck, not from the Dodge, but from an independent car. Somebody had their own personal vehicle in their car. The plates were removed from that and they were found in the car. We're not disputing the defendant was guilty of possessing the car. That case isn't before this court. The whole case, and like the circuit court says, it depends on did the defendant make the statement or not. We're saying that the court was wrong in believing the police officer because he simply wasn't credible. Maybe the defendant did this, maybe not, but the burden of proof is on the state beyond a reasonable doubt, and the state did not prove him guilty beyond a reasonable doubt. Does it make any difference that this was a bench trial? No, it's the same situation. The only advantage that we have in the bench trial is that we know what the court hinged its decision on. Any questions? Thank you. I don't think so. Thank you, counsel. Counsel? Your Honor, I'm a police reporter. My name is Timothy James King. I represent the people of the state of Illinois. Your Honor, it's my time before you today. I will show you why the defendant's conviction of theft of property exceeding $300 should be affirmed by this arm of the court. Now, theft of property exceeding $300 has five basic elements. A defendant exercises or exerts control over another property with a value exceeding $300 with the intent to permanently deprive the owner of that property. Four of those elements are unquestionably proven by the record and un-rebutted. Unauthorized control, you can find on 305. The owner, Mr. Dan Dawkins, stated that he clearly owned the Pontiac Grand Am. Another property, again, Mr. Dawkins clearly stated that it was his, the Grand Am, and he wanted no one else to certainly steal it. A value of $300 actually was $2,800, as you can find on 305 in the record. And finally, an intent to permanently deprive Mr. Dawkins of his vehicle was clearly shown by circumstantial evidence. As the court's handler, Lee Larson, and he can all state, simply the act of taking indicates intent to permanently deprive. So what this court is left with is one issue and one issue only, whether the defendant's identity was proven beyond a reasonable doubt. The defendant wasn't the one who actually did it. And there are two primary sources in which this court can rely upon the trial court's holding and affirming. First and foremost, the confession of the defendant. Your Honors, it has been stated time and time again that confessions are, and I quote, involuntary, one of the most persuasive and reliable forms of evidence. You can find that in the Lucy case. I quote again from Clay, confessions frequently constitute the most persuasive evidence against the defendant. I quote again from People v. Prim, confessions are one of the most probative and damaging types of evidence against the defendant. I quote again from St. Pierre, confessions carry extreme probative weight. As you can see, multiple Illinois cases have stressed and emphasized the impact of a defendant's confession. Now, here, the defendant states that his confession was not voluntary or it was coerced in some way, or maybe Officer Myers simply didn't understand what he was saying. There are three ways that we know that that is false. Number one, first and foremost, the trial court is in the best position to determine whether Officer Myers' testimony was indeed fabricated. As this court has noted in the case People v. Distelhorst, as well as multiple others, and I quote, great deference is given to the trial court because it is in the best position to consider the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. The trial court was there. This court was not. The trial court must have given deference in its ability to observe the evidence and make rulings accordingly. The trial court even mentioned within the record, as you can find on page 399, that, and I quote, to make a finding based upon the believability of the witnesses that were presented, it had an opportunity to observe the officer. The trial court again noted that, and I quote, notwithstanding the arguments made by counsel, some biased counsel believes Officer Myers might have had, end quote. You can find that again on page 399 of the record. The trial court clearly marks in the record that it understands the defendant's position that there was some type of bias that Officer Myers had. And it denotes that it states specifically, I'm finding against them. I still believe the officer was credible to make his finding. Well, then again, if you look at the record, and we can see why the trial court would make such a rationale, if you look, Officer Myers first testified on direct examination, not cross, on direct. Officer Myers stated that the defendant had twice denied stealing the grand am before he ultimately confessed, 356 and 357 of the record. Surely, if Officer Myers was mean to fabricate his testimony or had some motive to fabricate his testimony, then he would not have admitted openly in court on direct examination that, in fact, the defendant had first denied stealing the grand am. Rather, to lend credibility to his statement, he would have been consistent, oh, the defendant clearly stated he did it, and that's the end of the case. No, he admitted to the defendant twice denied stealing, not once, but twice. Then he stated to the defendant, after he had let him wait out a little bit, about 15 minutes before he went to Officer Myers, the defendant finally said, yes, he took the grand am. But furthermore, Officer Myers then clarified, is this the grand am from Dawkins? And the defendant said, yes. So we have here a clear indication that it was none other than the car that was stolen from Dan Dawkins' auto. And lastly, Your Honor, I would point this court to case law, where there has been far more greater incentives for witnesses to lie under oath, and courts have still affirmed judgments based on their testimony. I point this court to People v. Young, murder convictions that were sufficiently supported by eyewitness testimony of an admitted rival gang member. I point this court again to People v. Fields. Evidence was sufficient to support the defendant's conviction of murder, even though the eyewitnesses had been, again, members of rival gangs and had purportedly given inconsistent testimony during the trial. As you can see, the defendant's confession should be the end of this case, and there should be no argument thereafter. However, just to illustrate this point a bit more, if you look at the diagram here, we have to understand the standard rule. It is in the light most favorable to the state. Any reasonable inference must be guarded towards the state. Here we have a grand am missing from Dan Dawkins' auto. That grand am is from Holzhauer's auto. Now, the Dodge was then stolen from Dawkins' with Holzhauer's auto part, and plates from a civilian whose plates were stolen and taken from the Dodge. Then the Dodge was found close to his auto part, and the floor was taken. The defendant was later found on the floor with the plates from Holzhauer's auto. Now, how does that link this reading out over here? It shows an M on it, a clear modus operandi of the defendant's time. And again, stealing a car, leaving it, starting at another auto part, then leaving another car, so as maybe to take the cops off his sins, if you will. The point of the matter is that the defendant is showing a clear evidence of stealing, a methodology. And in the light most favorable to the state, those reasonable inferences must be made. Surely, with the defendant's confession that he stole the grand am, those reasonable evidences are beyond a reasonable doubt. In the end, your honors, the state asks this court to affirm the defendant's conviction for theft of property of over $300 beyond a reasonable doubt for the following reasons. Do you have any questions for me? I don't believe so. Thank you, counsel. Sir? Counsel? We're not arguing that confessions in general are not important, but defendant here did not make the statement. In the light most favorable to the state, you have the defendant, who has an interest in denying that he took the grand am, but you also have a police officer who has a personal interest in catching someone, in blaming someone for the theft of the grand am. Again, in the light most favorable to the state, the police officer had been close friends with the car lot owner for over 18 years. In the light most favorable to the state, his wife had worked for the car lot owner. So there was, whether it was an overt or an accidental motive for the policeman to perhaps mishear the defendant. That's all I have. Thank you. Thank you, counsel. Do you want to move this back? Pardon? Do you want to move this back for us? Yes, if you would, please. That would be great. Thank you. We appreciate the briefs and arguments. Counsel will take the case under advisement.